# Snyder *against* Kunkleman.

After verdict and judgment in a feigned issue, directed to determine a contested right to money made by a sheriff, a decree of the court as to the payment of the costs of that issue is the subject of revision on an appeal, but not on a writ of error to the judgment.

WRIT of error to the common pleas of *Union* county.

Upon a sale of the personal property of Daniel Kunkleman by the sheriff, the money was brought into court for appropriation, and was claimed by several. Henry W. Snyder claimed it in satisfaction of a debt greater in amount than the money made. John Snyder, Christian Hautz and Christian Baldy claimed it in satisfaction of several claims which each had. The verdict and judgment excluded all the claims but John Snyder's for 120 dollars, and Henry W. Snyder's which took the balance of the money. The court directed the costs

[Snyder v. Kunkleman.]

to be paid first out of the fund, to which Henry W. Snyder excepted and sued out this writ of error.

*Bellas,* for plaintiff in error.
*Merrill,* for defendant in error.

PER CURIAM.—A judgment on verdict in an issue, being a distinct though subordinate proceeding according to the course of the common law, is consistently directed to be subject to a writ of error; but the remedy for an error in a decision without the intervention of a jury, is directed to be by appeal. The judgment complained of here was rendered, not on the verdict, for that had been disposed of previously, but on the disposition to be made of a part of the fund and *quoad hoc* without the intervention of a jury; for it will not be pretended that the question of costs was a part of the issue. These not being subject to the discretion of the jury or the decree of the court, ought to have been suffered to follow the verdict. For a defect in the judgment on a verdict the remedy is by writ of error; but for a defect in the decree, it is by appeal: and, possibly, a party in a proper case may have both together. We regret to say, therefore, that we are precluded by the form of the remedy selected from giving the plaintiff that relief which he would be clearly entitled to in another shape.

Judgment affirmed.